UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENRIQUEZ RICARDO SANCHEZ, | § | |
| TDCJ # 01745089, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-3449 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Enriquez Ricardo Sanchez, an inmate in Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Because the petition referred to both criminal and immigration proceedings against him, the Court ordered Sanchez to submit a more definite statement of his claims.  After carefully reviewing the pleadings under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, the Court concludes that this action must be dismissed for reasons set forth briefly below.

I.      **BACKGROUND**

Sanchez's petition referenced his convictions in McLennan County in Case No. 2008-1925-C1 and Case No. 2008-1926-C2 (Dkt. 1, at 1). TDCJ's public online records reflect that, in both cases, Sanchez was convicted and sentenced for indecency with a child. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/Inmate Search (last visited Aug. 25, 2022).  However, Sanchez's petition also stated that he is being held

on an immigration charge dated August 8, 2008, and that on April 20, 2021, an immigration judge pretermitted his application for cancelation of removal under 8 U.S.C. § 1229b(a) (Dkt. 1, at 1; *see id*. at 2 (stating that he challenges a decision by the Executive Office for Immigration Review)). As relief for his habeas claims, he requested that his sentences run concurrently, that he be granted permission to work in the United States, and other relief related to his removal proceedings (*id*. at 7).

The Court ordered Sanchez to submit a more definite statement of his habeas claims and to state whether he intended to challenge criminal proceedings or immigration proceedings.  The Court further instructed Sanchez to provide specific information about any immigration order he sought to challenge, including the agency or court that issued it, the case or opinion number, the date of the challenged decision, and how the immigration order affects the sentence he currently is serving in TDCJ (Dkt. 5, at 2-3).  Sanchez filed a response (Dkt. 10) and attached over 300 pages of materials. Despite the Court's specific instructions (Dkt. 5, at 4), Sanchez did not respond to the Court's numbered questions.  The Court has, nevertheless, carefully reviewed his submission.

Sanchez's more definite statement repeatedly states that he seeks to challenge his McLennan County convictions. *See*, *e.g.*, Dkt. 10 at 2 (Sanchez's "[s]tatement to challenge the conviction" from McLennan County alleges that his family members made false police reports against him, which led to his conviction "in error" and caused him to be reported to immigration authorities on the date of his arrest); *id*. at 3 (making arguments regarding concurrent criminal sentences and double jeopardy); *id*. at 4 (claiming a reasonable

probability that, if DNA evidence had been admitted at his criminal trial, it would have been favorable to him). His voluminous attachments to the more definite statement contain multiple documents from his criminal proceedings. *See*, *e.g.*, Dkt. 10, at 12 (criminal docket sheet); Dkt. 10-8 (arguing that the facts did not support a conviction for indecency with a child); Dkt. 10-11, at 1-5 (findings of fact and conclusions of law from state habeas court regarding his criminal conviction); Dkt. 10-25, at 6-7 (criminal judgment from McLennan County). Additionally, the relief he requests from this Court is relief from his criminal convictions, in particular, that he be granted a new trial and resentencing (Dkt. 10, at 7).

Although Sanchez's more definite statement also references immigration proceedings, he appears to complain about immigration consequences flowing from his criminal conviction. *See id*. at 3-6 (discussing removal proceedings and alleging that the evidence did not support the criminal charge against him). Moreover, as stated above, Sanchez's statement fails to respond to the Court's detailed questions about any immigration decision he seeks to challenge.

The Court notes that Sanchez previously has filed a petition for a writ of habeas corpus in the Western District of Texas, Waco Division, to challenge his McLennan County convictions for indecency with a child. *See Sanchez v. Thaler*, Civil Action No. 6:12-0284 (W.D. Tex.). On December 2, 2014, the court in Waco dismissed Sanchez's petition as time-barred and otherwise denied relief. *See* Dkt. 137 in Civil Action No. 6:12-0284 (W.D.

Tex.).  The docket sheet for Civil Action No. 6:12-0284 reflects that, as of August 1, 2016,

the court barred Sanchez from filing anything further in the case without leave of court.

## II.  **DISCUSSION**

### A.    **Section 2254 Governs Sanchez's Petition**

Sanchez complains that his rights were violated during his criminal proceedings,

requests that he be granted a new trial or resentencing in his criminal cases, and fails to

identify any immigration decision that is the subject of his habeas challenge.  Therefore,

the Court construes his habeas petition as challenging the criminal convictions from

McLennan County for which he currently is imprisoned.[1]

Although Sanchez filed his petition on a form designed for petitions under 28 U.S.C.

§ 2241, his habeas challenge to state convictions is governed by 28 U.S.C. § 2254 and the

Anti-Terrorism and Effective Death Penalty Act (AEDPA), codified as amended at 28

U.S.C. § 2241 *et seq*. As the Fifth Circuit has explained, § 2254 applies to all habeas

petitions for persons in state custody:

> [O]ur caselaw makes clear that the two statutes do not represent an either/or
> dichotomy. Section 2241 empowers a federal court to grant writs of habeas
> corpus while § 2254 applies to a subset of those to whom § 2241(c)(3)
> applies, mandating the deferential AEDPA standard of review specifically
> when a person is in custody pursuant to the judgment of a State court. In
> other words, § 2254 is not an independent avenue through which petitioners
> may pursue habeas relief. Instead, all habeas petitions (as distinguished from
> the § 2255 habeas motions available to prisoners held pursuant to a federal

---

[1]    To the extent Sanchez seeks to challenge a decision of the Bureau of Immigration Appeals,
his recourse is not in this Court.  Habeas petitions under § 2241 are not available for judicial review
of an order of removal.  8 U.S.C. § 1252(a)(5).  Rather, the federal courts of appeals are the only
available forum for a petitioner who seeks review of a decision from the Bureau of Immigration
Appeals. *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007); 8 U.S.C. § 1252(a)(5).

> court conviction) are brought under § 2241, and § 2254 places additional
> limits on a federal court's ability to grant relief if the petitioner is being held
> in custody pursuant to the judgment of a State court.

*Topletz v. Skinner*, 7 F.4th 284, 293-94 (5th Cir. 2021) (cleaned up) (citing, *inter alia*, *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); 28 U.S.C. § 2254(a)).  Section 2254 therefore governs this petition.

Under 28 U.S.C. § 2241(d), jurisdiction over a petition under § 2254 is determined by the place of conviction or the place of confinement. Ordinarily, the Court would transfer a § 2254 petition to the district and division where the conviction was entered. *See* 28 U.S.C. § 2241(d); General Order of May 30, 1985 (Southern District of Texas policy dictates that challenges to the conviction go to the division within the district where the conviction was entered).  McLennan County, where Sanchez's convictions were entered, is located in the Waco Division of the Western District of Texas.  28 U.S.C. § 124(d)(2). However, the Court declines to transfer this case to the Western District of Texas for the reasons explained below.

## B.      Sanchez's Petition is an Unauthorized Successive Petition

AEDPA imposes restrictions on "second or successive" applications for habeas relief.  Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.  "Indeed, the purpose of [28

U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider

challenges to the same conviction unless an appellate panel first found that those challenges

had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re*

*Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

A prisoner's application is not "second or successive" merely because it follows an

earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's

conviction or sentence that was or could have been raised in an earlier petition"; or (2)

"otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*,

679 F.3d 312, 322 (5th Cir. 2012).  If a claim in a second or successive petition was

presented in a previous petition, it must be dismissed. 28 U.S.C. § 2244(b)(1).  If a claim

in a second or successive petition was not presented in a previous petition, it must be

dismissed unless the petitioner satisfies the following standard:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; ***or***
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; ***and***
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (emphasis added).

Sanchez's current petition challenging his McLennan County convictions meets the

second-or-successive criteria.  *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003).

6 / 9

To the extent his petition re-urges habeas claims that were dismissed in his earlier federal proceedings in the Western District of Texas, Civil Action No. 6:12-0284, his claims must be dismissed under 28 U.S.C. § 2244(b)(1). To the extent he brings new claims that could not have been previously discovered, he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of his petition.  Absent such authorization, even assuming that Sanchez could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims.  *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321; *Crone*, 324 F.3d 837-38.   Additionally, based on Sanchez's litigation history, the Court determines that the current petition is an abuse of the writ.  *See Cain*, 137 F.3d at 235.

For the reasons stated above, the Court will dismiss this habeas action as an unauthorized successive writ.

## III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions from a prisoner in state custody require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (cleaned up).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.      This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2.      All pending motions, if any, are **DENIED as moot**.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____August 25_____, 2022.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE